GINSBURG, Chief Judge,
concurring:
Although I do not disagree with anything in the opinion of the court, I write separately because I do not believe our opinion makes clear, as the Supreme Court requires, that there is a logical stopping point to our rationale for upholding the constitutionality of the exercise of the Congress’s power under the Commerce Clause here challenged. See Lopez, 514 U.S. at 564, 115 S.Ct. at 1632 (“if we were to accept the Government’s arguments, we are hard pressed to posit any activity by an individual that Congress is without power to regulate”); Morrison, 529 U.S. at 613;, 120 S.Ct. at 1751 see also United States v. Wall, 92 F.3d 1444, 1455-56 (6th Cir.1996) (Boggs, J., dissenting in part) (“the rationale offered to support the constitutionality of the statute ... has a logical stopping point, so that the rationale is not so broad as to regulate on a similar basis all human endeavors, especially those traditionally regulated by the states”).
In this case I think it clear that our rationale for concluding the take of the arroyo toad affects interstate commerce does indeed have a logical stopping point, though it goes unremarked in the opinion of the court. Our rationale is that, with respect to a species that is not an article in interstate commerce and does not affect interstate commerce, a take can be regulated if - but only if - the take itself substantially affects interstate commerce. The large-scale residential development that is the take in this case clearly does affect interstate commerce. Just as important, however, the lone hiker in the woods, or the homeowner who moves dirt in order to landscape his property, though he takes the toad, does not affect interstate commerce.
Without this limitation, the Government could regulate as a take any kind of activity, regardless whether that activity had any connection with interstate commerce. With this understanding of the rationale of the case, I concur in the opinion of the court.